890 F.2d 416
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Lee BOLES, Jr., Plaintiff-Appellant,
v.
Dan BOLDEN, Deputy Director; Lt. Meagher; Lt. D. Brasey;
B. Burden; K. Miller, Corrections Officers, Individually
and in their official capacity; S. Ashton, Adm. Asst. J.
STURGIS, Hearing Officer; L. ROBERTS, Acting Deputy Warden,
Defendants-Appellees.
 No. 89-1393.
 United States Court of Appeals, Sixth Circuit.
 Nov. 29, 1989.
 
 Before KEITH, NATHANIEL R. JONES and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Robert Lee Boles Jr. appeals the summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. Boles alleged that the defendant prison officials twice cited him for misconduct when he refused direct orders to relinquish food which he attempted to remove from the prison dining hall to facilitate his observance of the month-long Muslim Ramadan fasting period. In an amended complaint, plaintiff alleged: (1) that he was denied due process in the resulting disciplinary proceedings, (2) that a subsequent transfer was retaliatory, and (3) that legal documents were lost when he was transferred.
 
 
 3
 On appeal, plaintiff specifically abandons his initial first amendment freedom of religion claim. However, he contends that summary judgment for defendants was improper because the district court did not adequately consider the claims raised in the amended complaint and in his own motion for summary judgment. Upon consideration, we conclude that summary judgment was proper. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986).
 
 
 4
 None of plaintiff's additional claims precluded summary judgment for defendants. Plaintiff alleged no defect in the disciplinary proceedings which would arise to the level of a due process violation. See, e.g., Chernin v. Welchans, 844 F.2d 322, 325-26 (6th Cir.1988). Plaintiff's retaliatory transfer claim is wholly without factual basis and must be rejected. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987). Finally, plaintiff did not allege the denial of an "adequate opportunity to present his claims fairly" to the courts. See Bounds v. Smith, 430 U.S. 817, 823 (1976). Rather, it is clear from plaintiff's brief on appeal that his failure to file a brief in the Michigan Court of Appeals is attributable to his dilatory conduct rather than the loss of a file.
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.